JOHN E. GLIDDEN

*vs.*

BANGOR RAILWAY & ELECTRIC COMPANY.

Penobscot.    Opinion November 21, 1914.

*Damages.    Highway.    Last Chance Doctrine.    Negligence.*

1.  It is unnecessary to determine whether the plaintiff was negligent or not, as it is perfectly apparent that the jury had a right to infer from the testimony that the defendant was negligent after the motorman saw plaintiff's team across the track, or by the exercise of due care, in watching the streets ahead of him, ought to have seen it.

2.  Travelers have a right, if a proper use of the highway permits it, to pass over and upon the car tracks; and it is admitted by defendant that, on account of the length of his rig and the obstruction on the westerly side of Centre Street, it was impossible for the plaintiff to turn down Centre Street without driving across the tracks. He was, accordingly, lawfully on the track.

On motion by defendant for new trial.    Motion overruled.

This is an action on the case to recover damages for injuries to person and property suffered by plaintiff, by reason of the negligence of the defendant in conducting and driving one of its cars, so that it

collided with the team of the plaintiff, causing the injuries and damages complained of.     Plea, general issue.     The jury returned a verdict for the plaintiff of $500, and defendant filed a motion for a new trial.

The case is stated in the opinion.

*George E. Thompson, and W. M. Warren,* for plaintiff.

*E. C. Ryder, and Edgar M. Simpson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SPEAR, J.     It would serve no useful purpose to quote from the evidence in this case.     The jury passed upon it and found in favor of the plaintiff.     It is unnecessary to determine whether the plaintiff was negligent or not, as it is perfectly apparent that the jury had a right to infer from the testimony, that the defendant was negligent after the motorman saw the plaintiff's team across the track, or by the exercise of due care, in watching the streets ahead of him, ought to have seen it.

The plaintiff's team was squarely across the track without anything to obscure its discovery by the motorman for hundreds of feet. The motorman, however, undertakes to excuse his collision with the team, at such a speed as to go fifty feet after the impact, by claiming that an arc light obscured his view within the zone of its rays.     If this was so, then he should have slowed down and had his car under control, until he had passed the area of obscurity and danger. Because travelers have a right, if a proper use of the highway permits it, to pass over and upon the car tracks; and it is admitted by the defendant that:     "On account of the length of his rig and the obstruction in the westerly side of Centre street below Willow, it was not possible for him to turn down Centre street without driving across the tracks."     But the fact that the plaintiff had a long rig did not inhibit him from using the streets of Bangor.     He was, accordingly, lawfully on the track.     Whether he remained on the track so long that his delay became an act of negligence, as before stated, it is unnecessary to determine, as the jury were warranted upon the evidence in finding the defendant negligent under the last chance doctrine.

*Motion overruled.*